

2014 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-6-2014

# Robert Lark v. Secretary Pennsylvania Departm

Precedential or Non-Precedential: Non-Precedential

Docket No. 12-9003

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2014

Recommended Citation

"Robert Lark v. Secretary Pennsylvania Departm" (2014). *2014 Decisions.* Paper 469.
http://digitalcommons.law.villanova.edu/thirdcircuit_2014/469

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2014 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-9003
_____

ROBERT LARK

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
THE DISTRICT ATTORNEY PHILADELPHIA COUNTY;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,

Appellants

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-01-cv-01252)
District Judge: Honorable John R. Padova
_____

Argued: April 17, 2014
Before: McKEE, *Chief Judge*, SCIRICA and GREENBERG, *Circuit Judges*

(Filed: May 6, 2014)

Thomas W. Dolgenos, Esq. (**ARGUED**)
Ronald Eisenberg, Esq.
Edward F. McCann, Jr., Esq.
R. Seth Williams, Esq.
Three South Penn Square
Philadelphia, PA 19107-3499

        Counsel for Appellants

Leigh M. Skipper, Esq.
Stuart Lev, Esq. (**ARGUED**)

Federal Community Defender Office
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106

Counsel for Appellee

_____

OPINION
_____

MCKEE, *Chief Judge*

The Commonwealth of Pennsylvania appeals the order of the District Court granting Robert Lark's Petition for a writ of habeas corpus. This is the second time this case has come before us. We previously held that the District Court had not proceeded to the third step of the inquiry required under *Batson v. Kentucky*, 476 U.S. 79 (1986), and remanded for the court to conduct that analysis. *See Lark v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 596, 628 (3d Cir. 2011) ("*Lark I*"). On remand, the District Court concluded that Lark had established by a preponderance of the evidence that the Commonwealth had struck five Black potential jurors because of their race. We must now determine if the District Court's findings were clearly erroneous. *Holloway v. Horn*, 355 F.3d 707, 713 (3d Cir. 2004); *Lark I*, 645 F.3d at 606.

We have explained that, "relief must be granted under *Batson* when even one black person is excluded [from the jury] for racially motivated reasons." *Holloway*, 355 F.3d at 720 (internal quotation marks omitted). We have carefully considered the findings the District Court made on remand pursuant to its Third Step *Batson* analysis.

2

We cannot conclude that the court's conclusion that at least one of the Commonwealth's peremptory strikes was racially motivated is clearly erroneous.

Accordingly, we will affirm the conditional grant of Lark's Petition for a writ of habeas corpus.